UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CHRIS E. FRANKS,<br>    Plaintiff,<br><br>    v.<br><br>TRIPLE CANOPY, INC., et al.,<br>    Defendants. | Civ. No. 1:18-cv-436 |

REPORT AND RECOMMENDATION

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 19) and Plaintiff's Modified Motion for Leave to File Amended Complaint (Dkt. 25).

Plaintiff seeks to amend his complaint in a way that would result in three changes. First, Plaintiff seeks to eliminate his complaint's Count II, a cause of action for constitutional violations pursuant to 42 U.S.C. § 1983. Second, Plaintiff seeks to add a new Count II for a cause of action for constitutional violations pursuant to 42 U.S.C. § 1981. Third, Plaintiff seeks to add a Count III for a cause of action for intentional race discrimination pursuant to 42 U.S.C. § 1981.

For the reasons stated below, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 19) and Plaintiff's Modified Motion for Leave to File Amended Complaint (Dkt. 25) be GRANTED IN PART

1

and DENIED IN PART. Specifically, the undersigned recommends that Plaintiff's motions be granted insofar as Plaintiff seeks leave to amend to add a cause of action for intentional race discrimination pursuant to 42 U.S.C. § 1981, and that Plaintiff's motions be denied insofar as Plaintiff seeks leave to amend to add a cause of action for constitutional violations pursuant to 42 U.S.C. § 1981.

## I. BACKGROUND

This case involves Chris E. Franks ("Plaintiff") alleging that his employers, Triple Canopy, Inc. ("TCI"), Constellis, LLC ("Constellis"), and his former coworkers Captain Justin Good ("Capt. Good"), Force Protection Officer "John" Sheldon ("FPO Sheldon"), and Force Protection Officer "John" Williams ("FPO Williams") (collectively "Defendants") discriminated against him during his employment at TCI's and Constellis's Camp Buehring in Kuwait in violation of federal law.

According to Plaintiff's Complaint (Dkt. 1) (hereinafter "Complaint" or "Compl."), Plaintiff alleges that he is an African American who was previously employed by TCI and Constellis as a force protection officer at the Camp Buehring site in Kuwait. (Compl. ¶¶ 10, 25.) Plaintiff alleges that on July 15, 2017, he arrived at a job site at Camp Buehring's airfield to relieve FPO Sheldon and FPO Williams, and at that job site, four hours into Plaintiff's twelve-hour shift,

Plaintiff discovered a noose positioned next to the site's lockers. (Id. ¶¶ 10-11.) Plaintiff alleges that he reported the incident to a sergeant, which resulted in multiple superiors arriving at the site, becoming aware of the noose, and stating that something would be done about it. (Id. ¶ 12.) Plaintiff alleges that the noose remained by the lockers for the duration of Plaintiff's twelve-hour shift. (Id.)

Plaintiff alleges that FPO Sheldon and FPO Williams faced no consequences for the noose being left at the job site after they were relieved by Plaintiff and that the superiors aware of the noose justified it by saying the noose was a cry for help from someone's suicidal tendencies. (Id. ¶¶ 13-15.) Plaintiff alleges that despite his repeated reports and follow-ups, representatives from both TCI and Constellis failed to investigate the noose incident properly. (Id. ¶¶ 14-18.) Plaintiff alleges that he resigned from his employment with TCI and Constellis via email correspondence on July 30, 2017. (Id. ¶ 23.) As a result, Plaintiff alleges that he suffered lost wages and benefits, sustained other pecuniary loss, and suffered deep pain, humiliation, anxiety, insomnia, and emotional distress. (Id. ¶¶ 32-33.)

Plaintiff alleges that on or about August 30, 2017, Plaintiff filed a charge of discrimination regarding the noose incident at Camp Beuhring in Kuwait with the Equal Employment

3

Opportunity Commission (the "EEOC"). (Id. ¶ 26.) Plaintiff alleges that the EEOC conducted an investigation on the claim and on September 7, 2017, issued a determination that it was unable to conclude that the information provided by Plaintiff in his charge of discrimination violated federal law. (Id. ¶ 27.) Plaintiff alleges that the EEOC then issued a notice of right to sue. (Id. ¶ 28.)

Plaintiff filed his Complaint in the Richmond Division of this Court on December 6, 2017. (Dkt. 1.) The case was transferred to Alexandria Division of this Court on April 13, 2018. (Dkt. 14.) Plaintiff filed his Motion for Leave to File Amended Complaint on May 15, 2018, and then filed his Modified Motion for Leave to File Amended Complaint on May 25, 2018. (Dkts. 19 & 25.) TCI and Constellis partially oppose Plaintiff's request for leave to amend his complaint. (Dkt. 29.)

## II. LEGAL STANDARD

A party may amend a pleading, such as a complaint, pursuant to Federal Rule of Civil Procedure 15. If not amending as a matter of course, Rule 15 states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. PRO. 15(a)(2). When a court considers granting leave, it "should freely give leave when justice so requires." Id. The Supreme Court has noted that the mandate to freely give leave to amend is to be "is to be heeded," but also

4

that various reasons to deny leave to amend exist and that "the grant or denial of an opportunity to amend is within the discretion of the District Court." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has long recognized three reasons that justify a district court denying leave to amend: prejudice to the nonmovant, bad faith by the movant, or futility. See Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) (stating that the Supreme Court's Foman opinion embodies "a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend").

With regards to futility as a reason to deny leave to amend, an amendment is futile when it fails to state a claim. United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). To state a claim, a plaintiff must established "facial plausibility" by pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A court reviewing for the stating of a claim must "take the facts in the light most favorable to the plaintiff," but it "need not accept legal conclusions drawn from those facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

5

## III. ANALYSIS

In accordance with the aforementioned legal standard, the undersigned has considered Plaintiff's proposed amended complaint. Upon review, futility is the major consideration with regards to Count II, which alleges constitutional violations of the First and Fourteenth Amendments under 42 U.S.C. § 1981. Accordingly, the undersigned evaluates the question of futility surrounding Plaintiff's alleged constitutional violations pursuant to 42 U.S.C. § 1981.

In Count II, Plaintiff has alleged that Defendants have infringed his constitutional First and Fourteenth Amendment rights in violation of 42 U.S.C. § 1981. 42 U.S.C. § 1981 focuses on "nongovernmental discrimination and impairment under color of State law" and protects against the violation of rights

> to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a), (c). However, the language of 42 U.S.C. § 1981 clearly does not protect against nongovernmental violations of rights under the First or Fourteenth Amendments. Therefore, Plaintiff fails to state a proper claim of violations of constitutional rights, as 42 U.S.C. § 1981 is not the vehicle to bring a cause of

action for a violation of First or Fourteenth Amendment rights.

Further, even if some type constitutional violation was actionable via 42 U.S.C. § 1981, Plaintiff has failed to state a claim for any constitutional violation of the First Amendment or the Fourteenth Amendment, meaning that the amendment would be futile. See Wilson, 525 F.3d at 376. The First Amendment protects the rights to freedom against establishment of religion and freedoms to religious exercise, speech, press, assembly, and petition. U.S. CONST. amend. I. The Fourteenth Amendment protects the right against the abridging of privileges or immunities of U.S. citizens, the right against the deprivation of life, liberty, and property without due process of law, and the right to equal protection under the law. U.S. CONST. amend. XIV, § 1. Plaintiff's proposed amended complaint has failed to mention a single instance of any of the aforementioned rights having been infringed, diminished, or otherwise deprived in any manner. Such a failure does not allow the Court to draw any "reasonable inference" that any constitutional violations have occurred. See Iqbal, 556 U.S. at 678. Instead, Plaintiff's proposed amended complaint focuses on alleged violations of a hostile work environment resulting from racial discrimination.

7

## IV. RECOMMENDATION

For the reasons outlined above, the undersigned U.S. Magistrate Judge recommends that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 19) and Plaintiff's Modified Motion for Leave to File Amended Complaint (Dkt. 25) be GRANTED IN PART and DENIED IN PART.

Should her recommendation be adopted, the undersigned further recommends that Plaintiff be directed to file an amended complaint identical to the proposed amended complaint except that Count II, which alleges constitutional violation pursuant to 42 U.S.C. § 1981, be eliminated.

V. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

June 4th, 2018
Alexandria, Virginia

9